AUDREY J. GERARD, ESQ., State Bar No. 209959
CONNER, LAWRENCE, RODNEY,
OLHISER & BARRETT LLP
829 Sonoma Avenue
Santa Rosa, California 95404
Telephone:   (707) 523-0480
Facsimile:   (707) 523-2937
email: agerard@CLROB.com

JENNIFER HENDRICKSON, ESQ., State Bar No. 262959
HENDRICKSON LAW GROUP, P.C.
829 Sonoma Avenue, Sutie 8
Santa Rosa, CA 95404
Telephone: 707-540-6199
Facsimile: 707-540-6434
email: admin@santarosabk.com

Attorneys for Plaintiff/Creditor
MATILDA RAO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In Re<br><br>TRACY LYNN PONTE,<br><br>     Debtor<br><br>MATILDA RAO,<br><br>     Plaintiff,<br><br>     vs.<br><br>TRACY LYNN PONTE,<br><br>     Defendant.<br>_____/ | No.   23-10148<br><br>COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 USC §523(a)(4) and §523(a)(2)(A) |

Creditor MATILDA RAO ("Creditor" or "Ms. Rao") alleges the following against Debtor TRACY LYNN PONTE ("Debtor" or "Ms. Ponte"):

**JURISDICTION and VENUE**

1. The within action is a core proceeding brought pursuant to 11 U.S.C. §523(a)(4), 11

1

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

U.S.C. §523 (a)(2)(A), to determine the dischargeability of a claim owed by Debtor Tracy Lynn Ponte to Creditor Matilda Rao and except such debt/claim from Ms. Ponte's discharge in the above-entitled bankruptcy proceeding now pending before this court.

2. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334.

3. This case is a core proceeding and this Court has jurisdiction under Sections 28 U.S.C. §157(b)(l), 157(b)(2)(A) and 157(b)(2)(1).

4. Venue is proper in the Northern District of California, Santa Rosa Division, under 28 U.S.C. 1409(a).

**PARTIES**

5. Ms. Rao is an individual residing in Sonoma, Sonoma County, California. Ms. Rao was the Petitioner in a case brought in the Probate Division of the Sonoma County Superior Court, brought by Ms. Rao against Tracy Ponte. Judgement was entered against Ms. Ponte and in favor of Ms. Rao in the amount of $240,000 (two hundred forty thousand dollars) on April 7, 2022.[1] A true and correct copy of the Notice of Entry of Judgement is attached hereto as Exhibit A. On August 18, 2022 the Sonoma County Superior Court Ordered Ms. Ponte to pay attorney fees to Ms. Rao in the amount of $119,000 (one hundred nineteen thousand dollars). A true and correct copy of the Court's Order awarding said attorney fees is attached hereto as Exhibit B. The most recent Abstract of Judgement obtained by Ms. Rao on March 15, 2023 reflects that the total amount due from Debtor to Creditor on that date was $364,572.76 (three hundred sixty-four thousand five hundred seventy-two dollars and seventy-six cents). A true and correct copy of said Abstract of Judgement is attached hereto as Exhibit C. Interest on the judgement accrues daily in the amount of $65.75 per day.

6. Ms. Ponte is an individual currently residing in or near Petaluma, Sonoma County, California, and is the debtor in the bankruptcy case currently pending before the Northern District of

---

[1] Inexplicably, Ms. Ponte erroneously identifies her debt to Ms. Rao as "pending litigation" and states the total is only the amount of the judgement entered, $240,000, when she has also been ordered to pay Ms. Rao $119,000 as attorney fees.

2

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT
Case: 23-01004  Doc# 1  Filed: 07/05/23  Entered: 07/05/23 17:13:53  Page 2 of 4

California, Santa Rosa Division, filed on March 27, 2023.

## GENERAL ALLEGATIONS and RELEVANT FACTS

7. Plaintiff here incorporates by reference the allegations set forth in paragraphs 1 through 6, above, as though fully set forth herein.

8. Debtor Tracy Ponte was the designated successor trustee of the revocable living trust of her father, Roger Fields. The trust terms required the successor trustee to offer the insurance agency owned by Roger Fields, and operated by Mr. Fields and Ms. Rao, for sale to Ms. Rao on the terms set forth in the trust instrument. Ms. Ponte did not do so, and instead she fraudulently represented to Ms. Rao that Roger Fields had changed the terms of his estate plan so she was no longer to be offered the agency for sale. Ms. Ponte took over the agency herself for her own profit. Approximately a year after Mr. Fields' death, Ms. Rao learned that the trust had not been changed and that Ms. Ponte lied when she denied that Ms. Rao had the right to purchase the business on the terms set forth in the trust. After trying unsuccessfully to resolve the dispute, Ms. Rao commenced litigation in the Sonoma County Superior Court as case number SPR091136. After several days of trial in the Fall of 2022, the Sonoma County Superior Court made a number of factual findings in Ms. Rao's favor and entered judgement against Ms. Ponte in the amount of $240,000. The State Court trial judge also found that Ms. Rao was also entitled to recover her attorney fees and costs. A true and correct copy of the Statement of Decision by the Sonoma County Superior Court trial judge is attached hereto as Exhibit D. Plaintiff incorporates the factual findings of the Sonoma County Superior Court set forth in the Statement of Decision by reference as though fully set forth herein.

9. The Sonoma County Superior Court specifically found that Ms. Ponte was the trustee of the trust, was aware the agency was an asset of the trust, and failed to follow the instructions in the Trust to distribute it to Matilda Rao on the terms stated in the Trust. The trial court further found that Ms. Ponte falsely represented to Ms. Rao that the trust had been changed, when in fact it had not. The decision of the trial court specifically states the Court's finding that Ms. Ponte breached her fiduciary duty to Ms. Rao, and conclusively establishes that the debt Ms. Ponte owes to Ms. Rao is the result of

3

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT
Case: 23-01004    Doc# 1    Filed: 07/05/23    Entered: 07/05/23 17:13:53    Page 3 of 4

her fraud and defalcation while acting in her fiduciary capacity as a Trustee. Contrary to the Debtor's representation in her Petition that the debt to Ms. Rao arises from "pending litigation", the case is over, judgement has been entered, and the time for appeal is long expired.

### FIRST CLAIM FOR RELIEF
(Non-dischargeability Under 11 U.S.C. §523(a)(4) and (a)(2)(A)

10. Plaintiff here incorporates by reference paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. A trustee is a fiduciary and has a duty to administer the trust according to the trust terms; owes a duty of loyalty to administer the trust in the interests of the beneficiaries; to avoid conflicts of interest; and not to use trust property for their own profit (California Probate Code §§ 16000, 16002, 16004). Here, after several days of trial, the Sonoma County Superior Court specifically found that Ms. Ponte breached her fiduciary duty to Ms. Rao. It has already been adjudicated that the debt owed by Ms. Ponte to Ms. Rao arises directly from her fraud and defalcation while acting in a fiduciary capacity. 11 U.S.C. §523(a)(4) renders such a debt nondischargeable, and Ms. Ponte must be found unable to discharge the debt she owes Ms. Rao.

12. WHEREFORE, Creditor MATILDA RAO prays for judgement as set forth below.

### PRAYER FOR RELIEF

1. For judgement that Debtor Tracy Lynn Ponte be denied discharge of the debt owed to Matilda Rao identified by Debtor in her Petition and any other debt of Tracy Lynn Ponte to Matilda Rao arising from the matters adjudicated in Sonoma County Superior Court case number SPR091136;

2. For attorney fees and costs incurred in prosecuting this Complaint;

3. For such other and further relief as the Court may deem just and proper.

DATED: June __29__ 2023            Respectfully Submitted,

CONNER, LAWRENCE, RODNEY,
OLHISER & BARRETT LLP

By: _/S/ Audrey J. Gerard_____
AUDREY J. GERARD, Attorney for
Creditor MATILDA RAO

4

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT
Case: 23-01004   Doc# 1   Filed: 07/05/23   Entered: 07/05/23 17:13:53   Page 4 of 4